**SHIPLEY, ESTATE OF, In Re**

Probate Court, Franklin Co

No. 81262. Decided Nov. 29, 1940.

James R. Spellman, Columbus, administrator of estate.

Ballard & Dresbach, Columbus.

## OPINION

By McCLELLAND, J.

This matter comes before the Court upon the application for an order requiring the administrator to pay to the widow of the deceased, the sum of $2200.00, being the amount of the exemption as provided by §10509-54 GC. There would be no contention whatso-

ever were it not for the fact that the U. S. Collector of Internal Revenue has filed two notices with the Recorder of Franklin County, Ohio, one notice dated September 27, 1938, which notice alleges that income tax for the years 1926 to 1937 inclusive in the amount of $50,491.60, has been assessed against the estate of the deceased, and that the assessment list was received by the Collector on September 21, 1938. The other notice was filed October 18, 1938, alleging that the deceased was indebted for income taxes for the years 1923, 1924, 1925, in the amount of $4,864.31. This notice alleges that the assessment list was received by the Collector on September 21, 1938.

Section 3186 of the United States Statutes as amended recites as follows:

"Sec. 3186 (a) If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person. Unless another date is specifically fixed by law, **the lien shall arise at the time the assessment list was received by the collector** and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time.

(b) Such lien shall not be valid against any mortgagee, purchaser, or judgment creditor until notice thereof has been filed by the collector—

(1) In accordance with the law if the State or Territory has by law provided for the filing of such notice; or

(2) in the office of the clerk of the United States District Court for the judicial district in which the property subject to the lien is situated, whenever the State or Territory has not by law provided for the filing of such notice; or

(3) in the office of the clerk of the Supreme Court of the District of Columbia, if the property subject to the

lien is situated in the District of Columbia."

Upon an examination of the Ohio Statutes we find that the State of Ohio has not provided by law for the filing of the notice of such liens in any manner whatsoever with any state or county official, or officer of the Court. The record is also silent as to the filing of any such notice in the District Court in which the property is located which is subject to the alleged lien.

The provision for the filing of the lien is only for the purpose of determining its priority over any mortgagee purchaser or judgment creditor until notice has been filed by the Collector. In the present case we are not concerned with the rights or priority of any such person. The statute specifically says that the lien shall arise at the time the assessment is received by the Collector, and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time.

Section 191 of the U. S. C. A. 31, contains the following language:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

The testimony in this case discloses that the estate is insolvent if the assessments levied by the ▮▮▮▮▮▮ ▮ Federal Government are valid and correct assessments. The assessments, however, have been made and must be considered valid until found otherwise. We there-

fore must assume that the estate is an insolvent estate and apply the law to that situation.

Upon an examination of the last quoted §191, we are concerned only with those debts which were due from the deceased. The only debts which were due from deceased were those which existed at the time of his death and could not include any obligations of the estate or charges against the estate which were created at or subsequent to the death of the deceased.

This Court in the McDonald case, reported at 5 OO 132, has held that the portion of the widow's exemption provided for by §10509-54 of the Probate Code which cannot be paid in specie but which necessitates a partial administration is a debt of the estate. In so holding we followed the decision of the Supreme Court in Davidson v The Miners & Mechanics Savings & Trust Co., Exr., et, reported in 129 Oh St 418, the syllabus of which reads as follows:

"2. The widow's year's allowance and the allowance given her under §10509-54 GC, are a debt and preferred claim, respectively, against her deceased husband's estate, deductible before a determination of the share of the estate to be taken by the widow 'under the statute of descent and distribution'."

We still adhere to that holding, but we call the attention of the parties to the fact that the widow's exemption and the widow's allowance are charges against the estate created by statute, and become effective only after the death of the deceased. These are debts in the sense that they are charges against the estate and must be paid by the fiduciary, either the executor or administrator.

We must construe these statutes in the light of other statutes pertaining to claims against the estate. Section 10509-112 GC contains the following language:

"Creditors shall present their claims whether due or coming due to the executor or administrator within four

months after the date of his appoint-ment."

It has never been contended by any court, nor do we believe it to have been the intention of the legislature that a widow should be compelled to present her claim for her exemption to the executor or administrator. Nor has it been contended that the widow should present to the executor or administrator her claim for her widow's allowance for year's support as contemplated for creditors under the above named section.

It is our opinion that the Federal Statutes should be so construed that priority of the lien of the █ Federal Government for its income taxes should refer to those creditors who, at the time of the death of the decedent, could establish the relation of debtor and creditor between themselves and the deceased. It certainly was not the intention of the Federal Congress to impose its claim prior to the claim of the widow for her exemption, and for her right to a portion of the estate as set off by the appraisers for the maintenance of herself and her minor children. This theory is amply supported by the decisions of various courts cited in the brief filed by counsel for the widow, which quotations are as follows:

Postmaster General v Robbins (1829) 19 Federal Cases 1126:

"The United States are satisfied in giving a priority to their claim on the estate over all other debts. The allowance to the widow is not more a debt of the husband than her right to dower. They are both of them charges on the estate, created by law. They are not created, nor can they be defeated, by any act of his. The law of the United States does not, in its terms, give the debts due to them a priority over charges of this nature."

Jessie Smith, Ex. (1931), 24 B. T. A. 807:

"The priority of federal taxes given by statute, §3466 R. S. in any event, is over debts, not payments required by law to be made to a widow as her statutory allowance out of the estate of her deceased husband. Such statutory allowance is not a debt and the payment thereof therefore is not a payment of a debt. Under the Illinois law this takes priority over all debts except funeral expenses. The priority of the United States on account of taxes extends to any assets or funds available for the payment of debts. The widow's allowance not being available for the payment of debts, we do not think the government's claim for taxes has priority over it."

C. B. XII-2, Page 138, (1933):

"The 'widow's exemption' provided by the Pennsylvania law is of the same character as the 'widow's allowance', the 'year's support', or similar allowance provided in the statutes of other States. The priority of this class of allowances over internal revenue taxes is discussed in (citing cases). While the decisions cited relate to cases of widows domiciled in the states of Missouri, Georgia and Colorado, respectively, the generally accepted doctrine as to the priority of such statutory allowances is considered and the position of the Bureau in respect to them is outlined. In view of the foregoing, it is held that the 'widow's exemption', in Pennsylvania takes priority in payment over Federal income tax."

See also: C. B. VII-2, 72: C. B. VII-2, 162; and C. B. IX-1, 158.

We also call counsel's attention to the fact that both assessment lists were received by the Collector of Internal Revenue September 21, 1938, and by virtue of the wording of the statute it did not constitute a lien on any part of the deceased's estate until that date. It is our opinion, however, as herein before stated, that the priority is only with reference to creditors whose claims existed at the time of the deceased's death, and that it was not the inten-

tion of Congress to in any manner set the operation of the state law by which a widow is given an exemption in lieu, at least in part of her right to vested dower in her husband's real estate. Nor was it the intention of Congress in any manner setting aside the state law or its operation by which the widow is given a certain portion of her husband's estate for the support of herself and her minor children for one year after his death.

It is therefore the finding of this Court that the lien of the Federal Government does not take precedence over the widow's exemption nor her allowance for her year's support.